David Lincoln REED, Appellant,

v.

Dr. P. J. CICCONE, Warden, Appellee.

No. 18188.

United States Court of Appeals
Eighth Circuit.

April 1, 1966.

David L. Reed, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., for appellee.

Before VOGEL, Chief Judge, BLACK-MUN, Circuit Judge, and STEPHEN-SON, District Judge.

VOGEL, Chief Judge.

On September 26, 1963, in the United States District Court for the Northern District of Texas, the petitioner herein entered a plea of guilty to an information charging him with transporting a stolen automobile in interstate commerce, knowing the same to have been stolen, in violation of Title 18 U.S.C.A. § 2312. Petitioner was sentenced to imprisonment for a period of five years and confined in the Federal Correctional Institution at Texarkana, Texas. On May 11, 1964, in accordance with the authority contained in 18 U.S.C.A. § 4082, petitioner was transferred to the Medical Center for Federal Prisoners at Springfield, Missouri, where he was to receive medical treatment. On May 21, 1964, while so confined, Reed filed a petition under the provisions of 28 U.S.C.A. § 2255 with the District Court for the Northern District of Texas, alleging that he did not voluntarily enter a plea of guilty with an understanding of the nature of the charge against him. On March 2, 1965, the District Court for the Northern District of Texas dismissed his petition without a hearing on the ground that it affirmatively appeared from the files and records of the case that petitioner was not entitled to the relief sought. Petitioner appealed therefrom to the United States Court of Appeals for the Fifth Circuit.

On December 31, 1964, petitioner filed an application for a writ of habeas corpus in the United States District Court for the Western District of Missouri, alleging that the committing court had been without jurisdiction to impose sentence, that he had not been properly represented and advised by counsel, and that his rights had not been protected by the court. This petition was denied and no appeal taken therefrom.

On June 28, 1965, prior to the determination of his appeal on the March 2, 1965, order in the Fifth Circuit, petitioner filed a new petition for writ of habeas corpus in the District Court for the Western District of Missouri, alleging that the judgment and commitment papers arising out of his September 26, 1963, conviction were not signed by the trial judge in compliance with Rule 32(b), Federal Rules of Criminal Procedure, 18 U.S.C.A. This second petition for writ of habeas corpus was denied by the District Court in an order filed July 26, 1965. It is from the latter order that petitioner perfected his appeal to this court.

This appeal must be dismissed for two reasons: One, the record shows very clearly that the judgment and commitment of September 26, 1963, in the Northern District of Texas was duly and properly signed by the sentencing judge; two, during the pendency of this appeal, the United States Court of Appeals for the Fifth Circuit, in Reed v. United States, 5 Cir., 1965, 354 F.2d 227, decided and determined petitioner's appeal from the United States District Court for the Northern District of Texas, reversing that court and remanding the case for a hearing on petitioner's contention that he was deprived of counsel at the time of the entry of his plea of guilty. Such determination renders this appeal moot at the present time.

We think it would not be remiss to point out to petitioner that if his conviction in the Fifth Circuit should be upheld on remand and he should still be confined in the Medical Center for Federal Prisoners at Springfield, Missouri, he must exhaust all of his ordinary remedies in the committing Fifth Circuit, including those under 28 U.S.C.A. § 2255, before seeking the extraordinary remedy of habeas corpus in the circuit wherein he may be incarcerated. Smith v. Settle, 8 Cir., 1962, 302 F.2d 142, 143.

This appeal is dismissed.