James Pickens DAVIS, Appellant,

v.

Dr. Pasquale J. CICCONE, Director, United States Medical Center, Appellee.

No. 19199.

United States Court of Appeals
Eighth Circuit.

Nov. 4, 1968.

Rehearing Denied Nov. 22, 1968.

D. H. Litton, for appellant.

Crawford Martin, Atty. Gen., Lonny F. Zwiener, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before ALDRICH *, GODBOLD and DYER, Circuit Judges.

James Pickens Davis, Jr., filed brief and supplement to brief pro se.

Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., and Charles E. French, Asst. U. S. Atty., filed brief of appellee.

Before VOGEL, LAY and BRIGHT, Circuit Judges.

PER CURIAM.

This is an appeal from a dismissal by the United States District Court for the

* Of the First Circuit, sitting by designation.

Western District of Missouri of appellant's petition for a writ of habeas corpus. Appellant was originally convicted in the United States District Court for the Eastern District of Tennessee for armed bank robbery, in violation of 18 U.S.C.A. § 2113(d), and kidnapping, in violation of 18 U.S.C.A. § 1201. Appellant was sentenced to serve concurrent terms of 13 years on each of these two violations and was thereafter confined in the United States Medical Center, Springfield, Missouri.

Appellant, both before and after his conviction, has filed petitions for relief in the federal courts of Tennessee and Missouri,[1] including an application to the sentencing court pursuant to 28 U.S.C.A. § 2255. Appellant's § 2255 motion was denied by the sentencing court and he did not appeal therefrom.

The rule governing the disposition of this appeal is well-settled[2] and has been delineated by this court in Weber v. Steele, 8 Cir., 1950, 185 F.2d 799, 800, as follows:

> "The purpose of Section 2255 was to require a federal prisoner to exhaust his remedies in the courts of the District and Circuit in which he was convicted and sentenced, and to apply to the Supreme Court, on certiorari from a denial of such remedies, before seeking release on habeas corpus. This means that he must exhaust all the ordinary remedies available to him before applying for an extraordinary remedy."

Appellant has not exhausted his remedies under § 2255 in the sentencing court, nor has he shown that § 2255 is inadequate or ineffective to test the legality of his detention, such as to render that section inapplicable. Therefore, we affirm. See Spotted Elk v. Norton, 8 Cir., 1968, 390 F.2d 608.

1. The reported cases are United States v. Davis, 6 Cir., 1966, 365 F.2d 251 (affirmance of the District Court's order committing appellant under 18 U.S.C.A. § 4246 until competent for trial) and United States v. Davis, E.D.Tenn., 1966, 260 F.Supp. 1009 (denial of appellant's motion for new trial).

2. See, e. g., Burdette v. Settle, 8 Cir., 1961, 296 F.2d 687; Smith v. Settle, 8 Cir., 1962, 302 F.2d 142; Breaton v. United States, 8 Cir., 1962, 303 F.2d 557; Haynes v. Harris, 8 Cir., 1965, 344 F.2d 463; Smith v. Harris, 8 Cir., 1965, 351 F.2d 309; Reed v. Ciccone, 8 Cir., 1966, 357 F.2d 926; Glenn v. Ciccone, 8 Cir., 1966, 370 F.2d 361; and, most recently, Spotted Elk v. Norton, 8 Cir., 1968, 390 F.2d 608.