William E. HUMPHRIES, Appellant,

v.

Dr. P. J. CICCONE, Director, United States Medical Center, Appellee.

No. 20081.

United States Court of Appeals, Eighth Circuit.

June 30, 1970.

William E. Humphries, pro se.

Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., on brief, for appellee.

**478**

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and LAY, Circuit Judges.

PER CURIAM.

This is a timely appeal by William E. Humphries, pro se in forma pauperis, from final order of the District Court for the Western District of Missouri denying his petition for writ of habeas corpus. Humphries in his petition asserts that he is confined in the Medical Center at Springfield, Missouri, on a five-year sentence imposed upon him upon his plea of guilty to violating the Marijuana Taxing statutes, 26 U.S.C.A. §§ 4744(a) and 4742(a), which sentence was imposed by the United States District Court for the Southern District of Texas.

He attacks the constitutional validity of the statutes which he was charged with violating. As a basis for dismissal, the trial court states: "Whatever merit the argument may have, petitioner has presented his plea to the wrong court. He is clearly attacking the constitutional validity of his sentence, and that should be done in the sentencing court."

Twenty-eight U.S.C.A. § 2255 clearly permits and requires the attack on a federal sentence to be made in the sentencing court absent a showing that such court has denied relief or that the remedy under § 2255 is inadequate or ineffective to test the validity of the detention. See United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Glenn v. Ciccone, 8 Cir., 370 F.2d 361, 362; Gajewski v. Stevens, 8 Cir., 346 F.2d 1000, 1002.

Humphries in his petition states that he has sought no § 2255 relief in the sentencing court. The petition contains no allegation asserting that the § 2255 remedy is inadequate or ineffective.

The trial court was without jurisdiction to entertain the petition for habeas corpus. The petition was properly dismissed. Nothing herein precludes Humphries' right to seek relief in the sentencing court.

The judgment of dismissal is affirmed.