**Walter Lee HUGHES, Petitioner,**

v.

**Dr. Pasquel J. CICCONE, Director, United States Medical Center for Federal Prisoners at Springfield, Missouri, Respondent.**

**No. 18585–4.**

United States District Court,
W. D. Missouri, W. D.

Aug. 12, 1970.

Walter Lee Hughes, pro se.

Bert C. Hurn, U. S. Dist. Atty., Kansas City, Mo., for respondent.

## MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

ELMO B. HUNTER, District Judge.

Petitioner, a convicted federal prisoner currently confined in the United States Medical Center for Federal Prisoners at Springfield, Missouri, seeks leave to file in forma pauperis a petition for writ of habeas corpus. Leave to proceed in forma pauperis is hereby granted.

Petitioner states that on March 17, 1969, he was sentenced by the United States District Court for the Eastern District of Kentucky to a total term of three years imprisonment following his plea of guilty to violations of 18 U.S.C. § 1341 (Mail Fraud). Petitioner further states that he did not appeal that judgment of conviction, nor that he has filed any previous petitions for habeas corpus, motions under 28 U.S.C. § 2255, or any other applications, petitions, or motions with respect to the above-mentioned conviction. The contentions herein raised by the petitioner relate entirely to that conviction and certain events prior to that conviction.

Petitioner's contentions are set forth as follows: (1) that "there was no arrest warrant"; (2) that "petitioner never went before a United States Commissioner" ; (3) that "no bail was set on petitioner"; (4) that "no minutes of grand jury for indictment"; and (5) that "indicted, arraignment, plea all on the same date and sentenced."

Under the circumstances, petitioner's present application for habeas corpus relief must be dismissed without prejudice for his failure to exhaust his currently adequate and available remedies in the sentencing court under the provisions of 28 U.S.C. § 2255. The provisions of 28 U.S.C. § 2255 read, in part, as follows: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears· that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that the remedy by motion is inadequate or ineffective to test the legality of his detention." As stated by the Eighth Circuit Court of Appeals in Davis v. Ciccone, 402 F.2d 475 (8th Cir. 1968) at page 476:

> "The purpose of Section 2255 was to require a federal prisoner to exhaust his remedies in the courts of the District and Circuit in which he was convicted and sentenced, and to apply to the Supreme Court, on certiorari from a denial of such remedies, before seeking release on habeas corpus. This means that he must exhaust all the ordinary remedies available to him before applying for an extraordinary remedy." See also: Humphries v. Ciccone, 428 F.2d 477 (8th Cir. 1970) Weber v. Steele, 185 F.2d 799, 800 (8th Cir. 1950).

In the present case, petitioner's remedies in the sentencing court under 28 U.S.C. § 2255 appear both adequate and effective to reach the issues petitioner sets forth herein. Further, it is obvious that petitioner has not exhausted his remedies in the sentencing court, nor has he even attempted to make use of such remedies. Therefore, petitioner's present application for writ of federal habeas corpus is premature. Petitioner should file a motion to vacate sentence in the United States District Court for the Eastern District of Kentucky. Thereafter, he should seek review of any adverse decision in the Court of Appeals for the Sixth Circuit. If petitioner then obtains an adverse decision on appeal in that court, he should petition the United States Supreme Court for review by certiorari. For, until petitioner has fully exhausted his adequate and effective federal post-conviction remedies under 28 U.S.C. §

2255, his application for habeas corpus relief in this Court is premature. See: Little v. Swenson, 282 F.Supp. 333 (W. D.Mo.1968), and Spotted Elk v. Norton, 390 F.2d 608 (8th Cir. 1968).

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is hereby dismissed without prejudice.

It is so ordered.