UNITED STATES of America ex rel. Algylee Bobbe WILSON

v.

UNITED STATES of America.

Civ. A. No. 70–963.

United States District Court, E. D. Pennsylvania.

Aug. 31, 1971.

Algylee Bobbe Wilson, in pro. per.

Louis G. Bechtle, U. S. Atty., Barry W. Kerchner, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BODY, District Judge.

Before this Court is the request of Algylee Bobbe Wilson for a writ of habeas corpus which we treat as a motion to vacate sentence under 28 U.S.C. § 2255.

Petitioner was convicted of a violation of the Dyer Act, 18 U.S.C. § 2312, in this Court on January 30, 1970 and was sentenced on the same day to a term of imprisonment of three years and a fine of $500.00. He is presently incarcerated at the federal penitentiary at Danbury, Connecticut.

Wilson did file a direct appeal, which was recently decided adverse to him. United States v. Wilson, 436 F.2d 122 (3d Cir., 1971). The Supreme Court has denied certiorari. Wilson v. United States, 402 U.S. 912, 91 S.Ct. 1393, 28 L.Ed.2d 654 (1971).

An action requesting a writ of habeas corpus filed by one who is in custody pursuant to the judgment of a federal court is improper under 28 U.S.C. § 2255, which provides that such an application shall not be entertained if it ap-

pears that the applicant has failed to apply for relief by motion to vacate sentence under that section. Walker v. United States, 429 F.2d 1301 (5th Cir. 1970); Humphries v. Ciccone, 428 F.2d 477 (8th Cir. 1970). Since petitioner's request for habeas corpus relief has been filed with the sentencing court, however, we shall treat this petition as a motion to vacate sentence under 28 U.S.C. § 2255. Paroutian v. United States, 370 F.2d 631 (2d Cir. 1967); Ruiz v. United States, 328 F.2d 56 (9th Cir. 1964); R. Sokol, Federal Habeas Corpus § 24.2 (2d ed. 1969).

In his present petition, Wilson alleges four grounds as a basis for Section 2255 relief:

1) Fed.R.Crim.P. 21(b) & (c)
2) Punitive setting of bail
3) Fed.R.Crim.P. 29(a)
4) Denial of due process of law

The complete trial record is before the Court. Since we find conclusively upon a review of the record that Wilson is entitled to no relief, we decline to grant him a hearing on his petition. 28 U.S.C. § 2255.

### 1) *Fed.R.Crim.P. 21(b) & (c)*

■ This rule provides for the transfer of cases for trial upon motion of defendant "for the convenience of parties and witnesses, and in the interest of justice * * *." It was defendant Wilson, by his counsel, who requested transfer of this case from the Central District of California to the Eastern District of Pennsylvania. Accordingly, we cannot find that this transfer resulted in any prejudice of constitutional dimension to the defendant.

### 2) *Punitive setting of bail*

■ Wilson complains that his bail was unfairly increased when he reached Philadelphia from California. Even were this in fact the case, petitioner

does not state a ground upon which we could grant relief.

28 U.S.C. § 2255 is open to prisoners challenging the validity of their sentences under which they are in custody. A challenge to bail procedures at this stage of the proceeding when Wilson is here not in custody due to his required bail but because he has been convicted of a crime after jury trial and sentenced in federal district court is irrelevant to the claim of present improper imprisonment.[1] This would be true even if we were to consider Wilson's petition as one requesting a writ of habeas corpus under 28 U.S.C. § 2241.

### 3) *Fed.R.Crim.P. 29(a)*

■ This rule provides for the defense to move for judgment of acquittal prior to the submission of the case to the jury. The court shall grant the motion if the evidence is insufficient to sustain a conviction. In our case such a motion was made by Wilson's attorney at the close of the government's case and denied by this Court. N.T.[2] 458–59. Petitioner apparently seeks now to gain what he could not gain at trial: a finding that the government's evidence was insufficient to sustain the conviction.

We must point out that this issue arises on collateral review. Hence Wilson's allegation must be judged by constitutional due process standards: "Decision of this question turns not on the sufficiency of the evidence, but on whether this conviction rests upon any evidence at all." Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). The record clearly shows the conviction to be supported by ample evidence and we find no merit in petitioner's present contentions.

### 4) *Denial of due process of law*

■ Petitioner suggests that the government withheld facts and evidence by

---

1. Conceivably Wilson might allege some set of facts indicating that his claimed excessive bail led inevitably to an unfair trial without due process of law. That claim is not before us and we decline now to consider it.

2. Notes of Trial Testimony.

the failure to present a certificate of title, owner's card, and the allegedly stolen automobile at trial and claims that this alleged government conduct has resulted in a denial of due process of law. Petitioner's suggestion that suppression by the government of material exculpatory evidence could be grounds for habeas corpus relief is correct. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We do not believe, however, that the facts of this case come within the *Brady* rule.

■ A key aspect of the *Brady* holding is that there must first have been a request by the accused for the information later found withheld by the government.[3] *Brady*, supra, at 87, 83 S.Ct. 1194. There was no request for such information made by defense counsel, who could have moved for discovery and inspection of this information prior to trial under Fed.R.Crim.P. 16, and who could have compelled production of these documents at trial under the subpoena power of Fed.R.Crim.P. 17. A review of the record convinces us that the material petitioner now asserts to have been suppressed would not necessarily have led to a different result in his trial.

Petitioner does not suggest that the representation he received at trial was ineffective nor does a review of the record at all suggest that conclusion. See Moore v. United States, 432 F.2d 730 (3d Cir. 1970). We therefore conclude that defense counsel's decision not to compel the presentation of the documents here in question was based upon reasonable consideration of trial strategy after consideration of the interests of his client. There was no error of constitutional dimension.

For the above stated reasons, we must deny petitioner's request to vacate his sentence.

3. Some commentators suggest that the prosecutor should be under an affirmative duty to provide both exculpatory and impeachment evidence. F. Remington, D. Newman, E. Kimbell, M. Malli & H. Goldstein, Criminal Justice Administration 646–647 (1969). It is unnecessary for us to consider this question because it is clear from the record that defense counsel was aware of this "absent material". N.T. 407, 418, 482, 508, 530–531, and was in a position to request the documents if he desired.