Albert WINSTON, Appellant,

v.

Max L. MUSTAIN, Warden, Federal Correctional Institution, Sandstone, Minnesota, and United States of America, Appellees.

No. 77–1276.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 31, 1977.

Decided Sept. 19, 1977.

---

Albert Winston, pro se.

Andrew W. Danielson, U. S. Atty., and Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., for appellees.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Albert Winston appeals from the District Court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We affirm.

In 1976 in the United States District Court for the Northern District of Illinois, Winston pled guilty to one count of uttering and publishing as true a United States Treasury check with a forged endorsement, in violation of 18 U.S.C. § 495. He was sentenced to five years in the custody of the Attorney General and is currently incarcerated at the Federal Correctional Institution at Sandstone, Minnesota.

Winston's petition, filed on January 17, 1977, in the United States District Court for the District of Minnesota, alleged, *inter alia*, that his plea was involuntary and that he should be allowed to plead anew. The District Court properly denied the petition on March 10, 1977. A petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court by a motion pursuant to 28 U.S.C. § 2255 unless it appears that such a motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. *Humphries v. Ciccone*, 428 F.2d 477, 478 (8th Cir. 1970).

Winston has argued, in the District Court and in this Court, that a petition filed pursuant to 28 U.S.C. § 2255 in the sentencing court would be inadequate and ineffective to test the validity of his detention. To support this argument, Winston states that he filed in the sentencing court on June 15, 1976, a motion pursuant to Fed.R.Crim.P. 35 for correction or reduction of his sentence and, on August 3, 1976, a motion to withdraw his plea. He concludes that the length of time which has elapsed since the filing of these motions without a decision being rendered shows that a petition filed in the sentencing court is ineffective and

inadequate to test the validity of his detention. We disagree with that conclusion for three reasons: First, although crowded dockets in many federal courts are a serious problem, time delays do not operate to confer jurisdiction if jurisdiction does not otherwise exist. Second, Winston has not filed a petition pursuant to 28 U.S.C. § 2255 in the sentencing court. Until he has done so, he cannot contend that such a petition would be ineffective or inadequate. Finally, the District Court noted that Winston's motion filed in the sentencing court pursuant to Fed.R.Crim.P. 35 was denied by the sentencing court on February 12, 1977. Winston's argument, that a petition filed in the sentencing court is inadequate or ineffective to test the validity of his detention, is not persuasive.

■ The District Court in Minnesota lacked jurisdiction to consider Winston's petition. *United States v. Hayman*, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Gajewski v. Stevens*, 346 F.2d 1000 (8th Cir. 1965). We remand and direct the District Court to dismiss the petition for lack of jurisdiction.