**John F. DeSIMONE, Appellant,**

v.

**Marion LACY, Appellee.**

**No. 86–5321.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1986.

Decided Nov. 14, 1986.

Rehearing and Rehearing En Banc Denied Feb. 3, 1987.

---

John F. DeSimone, Duluth, Minn., for appellant.

Thorwald H. Anderson, Jr., Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, ARNOLD, and BOWMAN, Circuit Judges.

PER CURIAM.

John S. DeSimone appeals pro se the District Court's[1] dismissal of his petition for habeas corpus. We affirm.

In 1983 DeSimone was convicted of aiding and abetting a continuing criminal enterprise in violation of 21 U.S.C. § 848 and 21 U.S.C. § 846 and of racketeering in violation of 18 U.S.C. § 1962. He was sentenced concurrently to a ten-year term without possibility of parole for the § 848 violation and to ten-year terms for the § 846 and racketeering violations. On appeal, the Court of Appeals for the Seventh Circuit held that the conviction under 21 U.S.C. § 846 was for a lesser included offense under 21 U.S.C. § 848, and the Court vacated the § 846 conviction. *United*

---

**1.** The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

*States v. Ambrose,* 740 F.2d 505, 510 (7th Cir.1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3479, 87 L.Ed.2d 614 (1985). The Court also held that a conviction for aiding and abetting a violation of § 848 did not require application of the ten-year minimum sentence without possibility of parole. *Id.* The case was remanded to the trial court for resentencing. On remand, the district court resentenced DeSimone to concurrent ten-year terms for the § 848 and racketeering convictions. The resentencing order specifically provided that DeSimone would be eligible for parole on the § 848 conviction. DeSimone was incarcerated at the Federal Correctional Institution at Sandstone, Minnesota.

In May 1985, the Regional Director of the Bureau of Prisons wrote to the United States Attorney for the Northern District of Illinois seeking clarification of an apparent inconsistency between the sentencing provision of § 848, which provided for a minimum ten-year sentence without parole, and the resentencing Order, which provided for parole eligibility. The sentencing judge[2] responded to the inquiry by referring to the Court of Appeals opinion, which had directed him to indicate which of the defendants were eligible for parole. DeSimone's sentence subsequently was recomputed to reflect his parole eligibility, but DeSimone was not informed of the correction.

DeSimone filed a motion in the District Court in Minnesota under 28 U.S.C. § 2241 attacking, *inter alia,* the prison authorities' failure to recognize his parole eligibility. The District Court found the issue moot because the records had been corrected to reflect the sentencing change. The District Court then held that the remaining grounds of DeSimone's petition should have been asserted in a post-conviction motion under 28 U.S.C. § 2255, and accordingly should have been filed in the court imposing the sentence. On appeal, DeSimone challenges the latter holding.

DeSimone attacks the legality of his underlying convictions and the constitutionality of the sentences imposed by the trial court. He submits that his convictions amounted to double jeopardy because the same evidence was used to prove each count; that his appellate counsel's failure to preserve objections to amended jury instructions demonstrated ineffective assistance of counsel; and that because there is no explicit penalty provision for aiding and abetting a violation of 21 U.S.C. § 848, his detention under that conviction is unconstitutional. None of these claims concerns the execution of his sentence. Rather, they all concern the validity of his underlying conviction and the authority by which he is detained.

 Generally, only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated. *See Lee v. United States,* 501 F.2d 494, 500 (8th Cir.1974); *cf. United States v. Fraser,* 688 F.2d 56, 58 (8th Cir. 1982) (sentencing court has no jurisdiction under 28 U.S.C. § 2255 to hear extraterritorial challenge to execution of sentence). A district court does not have subject matter jurisdiction over issues concerning the imposition of a sentence by another district court "unless it ... appears that the remedy by motion [to the sentencing court] is inadequate or ineffective to test the legality of [an inmate's] ... detention." 28 U.S.C. § 2255 (1982).

 In bringing a § 2255 petition in the district of incarceration, the petitioner has the burden of demonstrating that § 2255 relief in the sentencing court would be unavailable or ineffective. *Von Ludwitz v. Ralston,* 716 F.2d 528, 529 (8th Cir.1983) (per curiam). DeSimone asserts that his conviction, subsequent appeal and resentencing all demonstrate that a petition to the sentencing court would be ineffective. This assertion does not meet the re-

---

**2.** The Honorable John F. Grady, District Judge, United States District Court for the Northern District of Illinois.

quired burden. A petitioner cannot claim ineffectiveness until he unsuccessfully has attempted to gain relief in the sentencing court by means of a § 2255 petition. *See Winston v. Mustain,* 562 F.2d 565, 567 (8th Cir.1977) (per curiam). Because DeSimone has not made the necessary attempt we find no error in the District Court's dismissal for lack of subject matter jurisdiction. If DeSimone wishes to pursue his claims, his proper course is to bring an action under § 2255 in the district court that sentenced him.

AFFIRMED.