831 F.2d 293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jonathan Scott BALDWIN, Petitioner-Appellant,
v.
Bill STORY, Warden, Respondent-Appellee.
 No. 87-5270.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1987.
 
 Before KEITH and MILBURN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner appeals from the district court's judgment denying, without prejudice, his petition for writ of habeas corpus filed under 28 U.S.C. section 2241. Petitioner, a Kentucky prisoner proceeding pro se, pled guilty to a number of narcotics offenses. He was sentenced to a term of 48 years by the United States District Court for the Southern District of Florida at Fort Lauderdale. In his habeas corpus petition, petitioner raised four claims, to wit: 1) denial of access to the court; 2) conspiracy to bring false charges and force a guilty plea; 3) denial of counsel; and 4) the Bureau of Prisons' denial of access to the court.
 
 
 3
 Petitioner's first three claims relate to matters involved in his trial, and as such, should first be addressed by the sentencing court via a motion to vacate pursuant to 28 U.S.C. section 2255. United States v. Haymen, 342 U.S. 205 (1952); Winston v. Mustain, 562 F.2d 565 (8th Cir.1977) (per curiam); Wright v. United States Board of Parole, 557 F.2d 74 (6th Cir.1977). Further, time delays do not confer jurisdiction if jurisdiction does not exist otherwise. See Winston, 562 F.2d at 567.
 
 
 4
 As to the fourth claim, petitioner must first exhaust his administrative remedies, in the manner prescribed by the Bureau of Prisons, before the district court may properly address the claim. See 28 C.F.R. section 542.10 et seq.; Little v. Hopkins, 638 F.2d 953 (6th Cir.1981) (per curiam). Petitioner's writing letters to various prison officials does not satisfy this requirement.
 
 
 5
 Accordingly, the district court did not err in denying this petition for writ of habeas corpus. The judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.