872 F.2d 1028
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank E. SNYDER, Petitioner-Appellant,
v.
Bill STORY, Warden, F.C.I. Ashland, Kentucky, U.S. Attorney
General, Respondents-Appellees.
 No. 88-6237.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1989.
 
 Before KEITH, KENNEDY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Frank Snyder, a pro se federal prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, Snyder pled guilty to a narcotics offense in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced in the United States District court for the Northern District of Georgia at Atlanta to five years imprisonment followed by a three year special parole term. Snyder is presently incarcerated in the Federal Correctional Institution at Ashland, Kentucky. In this petition, Snyder argues that his conviction is illegal because: 1) 21 U.S.C. Sec. 841(a)(1) does not establish a special parole term; 2) 21 U.S.C. Sec. 841(a)(1) does not provide for the imposition of any penalties; 3) the indictment was defective; 4) no court had subject matter jurisdiction over his case; 5) Congress had no constitutional authority to enact 21 U.S.C. Sec. 841(a)(1); and 6) 21 U.S.C. Sec. 841(a)(1) constituted enactment of an ex post facto law. The magistrate recommended the petition be dismissed finding that a habeas petition under 28 U.S.C. Sec. 2241 was not the appropriate vehicle for petitioner to attack the legality of his conviction. The magistrate also found that petitioner was barred from asserting his claims in a Sec. 2241 habeas petition absent a showing that his remedy in the sentencing court under 28 U.S.C. Sec. 2255 was inadequate or ineffective. The district court adopted the magistrate's report in its entirety over petitioner's timely objections.
 
 
 3
 Upon review, we affirm the district court's judgment as all of Snyder's claims concern the legality of his conviction and the authority by which he is detained. As such, he must present his claims to the sentencing court via a motion to vacate sentence under 28 U.S.C. Sec. 2255. See Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979); Miller v. United States, 564 F.2d 103, 105 (1st Cir.1977), cert. denied, 435 U.S. 931 (1978); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). This is so even if we construed the instant petition as a Sec. 2255 motion to vacate. Snyder simply has not sustained his burden of showing that the relief afforded by the sentencing court was unavailable or ineffective. See DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir.1986) (per curiam); Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir.1983) (per curiam).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.