900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph C. SUN, Petitioner-Appellant,
v.
Bill STORY, Warden, Respondent-Appellee.
 No. 89-6330.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and GEORGE E. WOODS, District Judge.*
 
 ORDER
 
 2
 Petitioner, Joseph C. Sun, seeks review of an order of the district court which denied his petitions for a writ of habeas corpus under 28 U.S.C. Sec. 2241. He now moves for bond pending appeal. Upon review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In September 1987, petitioner was found guilty of one count of forgery in violation of 18 U.S.C. Sec. 505 and two counts of mail fraud in violation of 18 U.S.C. Sec. 1341. As punishment, the United States District Court for the Northern District of Georgia sentenced him to three consecutive terms of five years imprisonment. Upon his incarceration at the Federal Correctional Institution in Ashland, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241 in the District Court for the Eastern District of Kentucky. In support of his request for that relief, he alleged that his imprisonment was illegal because: 1) his convictions and sentence were invalid as the courts of the Eleventh Circuit, which had adjudicated his trial, direct appeal and motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255, were prejudiced against him due to his status as a frequent litigator and public critic of the judicial system; 2) his conviction had been obtained through the use of fabricated evidence and perjured testimony; 3) his sentence violated his right to equal protection as it was much longer than the punishment he would have received had he been eligible for sentencing under the Sentencing Reform Act of 1984; 4) his convictions were not supported by sufficient evidence; and 5) he was not guilty of mail fraud due to the Supreme Court's decision in McNally v. United States, 483 U.S. 350 (1987). A magistrate, however, concluded that the petitioner's claims, all of which concerned the validity of his convictions and sentence, were not cognizable in a proceeding under 28 U.S.C. Sec. 2241. Rather, the magistrate observed that petitioner was required to raise his claims in a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255 filed in the District Court for the Northern District of Georgia. Accordingly, the magistrate recommended the dismissal of the habeas petition for reason of frivolity under 28 U.S.C. Sec. 1915(d). Despite petitioner's objections, the district court agreed and dismissed the petition for a writ of habeas corpus. Petitioner then filed this appeal, case no. 89-6330.
 
 
 4
 Based upon a careful review of the record, the court has concluded that the district court did not err in dismissing the petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir.1986) (per curiam). Accordingly, the motion for bond pending appeal is denied and the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation