931 F.2d 893
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul LeRoy ROBINSON, Petitioner-Appellant,
v.
Bill R. STORY, Warden, F.C.I., Ashland, Kentucky,
Respondent-Appellant.
 No. 91-5008.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1991.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Paul L. Robinson, a pro se Kentucky prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner was convicted following a jury trial for conspiracy, bank fraud, mail fraud, money laundering and false use of a social security number. He was sentenced to serve 135 months imprisonment. Sentence was imposed in the United States District Court for the Western District of Washington, Seattle Division in December 1989. He is presently confined at the Federal Correctional Institution in Ashland, Kentucky.
 
 
 4
 Robinson filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Kentucky, Ashland. In his petition he alleged he was being held in violation of his "inherent and unenumerated right to create credit under the Ninth Amendment to the United States Constitution." He further alleged that he has been discriminatorily imprisoned for creating credit in violation of the equal protection clause of the fifth amendment pursuant to the fourteenth amendment to the U.S. Constitution.
 
 
 5
 Upon de novo review of the magistrate's report and recommendation, the district court dismissed the petition as frivolous. Petitioner has filed a timely appeal.
 
 
 6
 Upon review we affirm. The petitioner improperly sought to challenge his conviction and sentence in a habeas corpus petition under 28 U.S.C. Sec. 2241 in a court other than the one that convicted and sentenced him. Petitioner may only challenge his conviction and sentence in a 28 U.S.C. Sec. 2255 motion to vacate in the court that imposed his conviction and sentence. See Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Petitioner has not demonstrated that filing a Sec. 2255 motion to vacate in the sentencing court would be inadequate or ineffective to test the legality of his detention. See DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir.1986).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation