**Anthony John EDWARDS, Petitioner,**

v.

**UNITED STATES of America, et al., Respondents.**

**No. 92–1974–CIV–T–17(B).**

United States District Court, M.D. Florida, Tampa Division.

July 6, 1993.

---

424

Anthony John Edwards, pro se.

### ORDER ADOPTING REPORT AND RECOMMENDATION

KOVACHEVICH, District Judge.

This Court, under authority of 28 U.S.C. § 636(b)(1)(B), 28 U.S.C. § 2255, and Rule 6.02, Local Rules of the Middle District of Florida, referred this case to the Honorable Thomas G. Wilson, United States Magistrate Judge, under the standing order of this district on December 17, 1992.

After considering the petitioner's submissions and arguments, Judge Wilson, on January 4, 1993, filed a Report and Recommendation ("R & R") wherein he recommends that this Court dismiss the petition for writ of habeas corpus, without prejudice. Judge Wilson determined that 28 U.S.C. § 2255 would provide Petitioner with an adequate remedy for his claims and that Petitioner's seeking relief by writ under 28 U.S.C. § 2241 was therefore inappropriate. After reviewing Judge Wilson's findings and in light of Petitioner's objections, this Court adopts the Magistrate Judge's report and recommendation.

### I. BACKGROUND

On May 31, 1988, Petitioner, ANTHONY EDWARDS, was arrested and later indicted for conspiracy to possess and distribute "crack" cocaine, and possession with the intent to distribute "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 846, and 18 U.S.C. § 2. On November 14, 1988, Petitioner, through his court-appointed attorney, entered a plea of guilty. On February 16, 1989, Petitioner was sentenced by this Court to 188 months imprisonment, and four years of supervised release. This case reappears before the Court by petition for writ of habeas corpus filed by petitioner alleging that his guilty plea was involuntary, that his legal counsel was ineffective, and that his sentence was excessive.

### II. REVIEW OF REPORT AND RECOMMENDATION

This Court must first determine the standard to be applied in reviewing the Magistrate Judge's findings of fact and law. Under the appropriate standard, this Court must review: (1) the law the Magistrate Judge followed in recommending to grant or deny the motion for Habeas Corpus, (2) the law Magistrate Judge followed which forms the basis of the cause of action, and (3) the Magistrate Judge's findings in light of the petitioner's objections.

### STANDARD OF REVIEW

Under 28 U.S.C. § 636, the Federal Magistrate's Act, a district court judge may

designate a United States Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations (ie. R & R) for the dispositions of prisoner petitions challenging conditions of confinement. 28 U.S.C. § 636(b)(1)(B). Within ten days after being served with a copy of the R & R, any party may serve and file written objections to such findings and recommendations. A judge of the court shall make a *de novo* determination of those portions of the R & R to which objections are made. 28 U.S.C. § 636(b)(1).

In *U.S. v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), the Supreme Court upheld the constitutionality of this provision of the Act. They found that Congress adequately protected the Act against an Article III constitutional challenge by subjecting the Magistrate Judge's proposed findings and recommendations to a *de novo* determination by the judge, who then exercises ultimate authority to issue an appropriate order. 447 U.S. at 681, 100 S.Ct. at 2415. In *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir.1990), the court stated that the *de novo* provision was essential to the constitutionality of section 636. The court further stated that section 636(b)(1)'s nonconsensual reference is saved from constitutional infirmity by the retention in the Article III judge of the ultimate adjudicatory power, to be exercised after assistance from and upon the recommendation of the Magistrate Judge. *Id.* at 512–13 (citing *Hall v. Sharpe*, 812 F.2d 644, 647 (11th Cir.1987)). Accordingly, the *de novo* review is based in a realization that only the district court judge can constitutionally dispose of a matter such as that in the instant case. Thus, the Magistrate Judge's R & R in the instant case is reviewed *de novo* by the district judge who must then accept it, reject it, or modify it, in whole or in part.

In *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.1988), the court addressed the issue of whether the *de novo* standard of review is applicable in reviewing the district court's adoption of a Magistrate Judge's R & R. In so doing, the court found that there were three different categories of reviewable findings:

(1) findings of fact made by the Magistrate Judge to which the parties did not object, (2) findings of fact made by the Magistrate Judge to which the parties did object with the objections being resolved *de novo* by the district court; and (3) independent findings of fact made by the district court. *Id.* at 749. With reference to findings of fact which are objected to, the *LoConte* court stated in part:

> Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a de novo review of the record with respect to that factual issue. (citations omitted) As the use of the phrase de novo implies, the district court's consideration of the factual issue must be independent and based upon the record before the court.... [T]he factual conclusions reached by the district court are subject to a "clearly erroneous" standard of review on appeal.

*Id.* at 750; *See also Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 513 (11th Cir.1990), *Mannings v. School Board of Hillsborough County, Florida*, 796 F.Supp. 1491, 1492 (M.D.Fla.1992). Clearly, the findings by the Magistrate Judge, to which the petitioner has made timely objections, are subject to *de novo* review by the district court judge.

## PETITIONER'S OBJECTIONS

The Petitioner alleges that his guilty plea was involuntary, that his legal counsel was ineffective, and that his sentence was excessive. The petitioner has applied to this court to have the sentence vacated as improper. The Magistrate Judge issued a report and recommendation in which he recommends that this Court find that the Petitioner has not exhausted his habeas relief remedies as required, and that this petition for habeas corpus therefore be dismissed *without prejudice.*

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner has filed timely objections to the Magistrate Judge's factual findings. The Court has reviewed each objection, along with the Magistrate Judge's findings. Below are the

findings to which objections have been filed and a summary of review:

■ 1. "These claims ... should be raised by a motion filed in his criminal case under 28 U.S.C. 2255." (R & R, p. 1–2; Petitioner's Objections, p. 2.)

This court agrees with the Magistrate Judge's finding that the petitioner's claims should be raised by motion under 28 U.S.C. § 2255. Petitioner argues that his confinement is illegal, and that the proper channel to challenge such imprisonment is § 2241 habeas corpus. While a § 2241 petition is the proper means to challenge the execution of a sentence or to challenge confinement that is not the result of a criminal court's judgment, a § 2255 motion is generally the proper means to challenge the imposition or length of the detention. Further, since Petitioner has failed to make a claim that remedy under § 2255 was inadequate or ineffective, the district court is without jurisdiction to entertain his petition for habeas corpus pursuant to § 2241. *Humphries v. Ciccone*, 428 F.2d 477 (8th Cir.1970).

■ The law provides that an inmate convicted of a federal crime may not file a petition for habeas corpus unless the inmate can show that the remedies available under § 2255 are ineffective or unavailable. The burden to show that such relief would be ineffective is on the petitioner. *Von Ludwitz v. Ralston*, 716 F.2d 528 (8th Cir.1983). A petitioner cannot claim ineffectiveness until he unsuccessfully has attempted to gain relief by means of a § 2255 motion. *DeSimone v. Lacy*, 805 F.2d 321 (8th Cir.1986).

■ Because Edwards has not attempted to gain relief through a § 2255 motion, he cannot claim ineffectiveness of such petition. Similarly, in *Solsona v. Warden*, 821 F.2d 1129, 1133 (5th Cir.1987), the fifth circuit held that because the petitioner failed to exhaust his § 2255 remedies, the district court should have dismissed petitioner's right to counsel claims *without prejudice* or held

them in abeyance pending exhaustion of his § 2255 remedies. Thus, under *DeSimone* and *Solsona*, Magistrate Wilson correctly dismissed Petitioner Edward's petition *without prejudice* pending exhaustion of his § 2255 remedies.

Pursuant to § 2255, an individual sentenced by a federal court may attack the imposed sentence by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–427, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 (1962). This "catch-all" application of § 2255 would obviously include a remedy suitable to entertain petitioner's claims, thus supporting the Magistrate Judge's findings.[1] The assertions made by Petitioner are unsupported by the record and therefore do not contradict the findings of the Magistrate Judge.

## CONCLUSION

The Magistrate Judge's report and recommendation is supported by statutory and case law. Accordingly, it is,

**ORDERED** that the report and recommendation, dated January 4, 1993, be **ADOPTED AND INCORPORATED** herein and the petition for habeas corpus be **DISMISSED** without prejudice.

**DONE AND ORDERED.**

---

1. "Despite the statute's seemingly broad language," however," violations of federal law are cognizable only if they involve a "fundamental defect' causing a "complete miscarriage of justice,' or are so egregious that they amount to a

violation of due process." *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Bontkowski v. United States*, 850 F.2d 306, 312 (7th Cir.1988), and *United States v. Coyer*, 732 F.2d 196, 200–01 (D.C.Cir.1984).