12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Mark Anthony OLSON, Appellant,
v.
FEDERAL BUREAU OF PRISONS; E. W. Morris, Warden, FCI,
Sandstone, MN, Appellees.
 No. 93-2703.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 23, 1993.
Filed: December 2, 1993.
 
 Appeal from the United States District Court for the District of Minnesota.
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mark Olson appeals pro se the district court's[1] denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. We affirm.
 
 
 2
 In February 1986, Olson was sentenced in the Middle District of Georgia to twelve years for aiding and abetting the importation of cocaine into the United States. Apparently, Olson then agreed to testify in other cases in exchange for immunity. When called to testify before a grand jury, Olson refused to be sworn. Olson refused to comply even after the district court[2] ordered him to do so. On April 1, 1986, the court found Olson in civil contempt of court and ordered him committed to custody pursuant to 28 U.S.C. Sec. 1826 "until such time as he declares that he will testify truthfully in testimony before the Grand Jury, or until such time as the Grand Jury has been disbanded, whichever comes first." Olson did not appeal. Olson did not receive credit against his federal sentence then being served at the Federal Correctional Institution (FCI) at Sandstone, Minnesota. Olson served 357 days for the civil contempt (until the grand jury disbanded). His contempt sentence was satisfied on March 27, 1987. On August 26, 1986, Olson was sentenced for another drug offense in the Southern District of Georgia: five years to run consecutively to the twelve-year sentence previously imposed in the Middle District. On July 8, 1988, after Olson filed a timely motion for modification or reduction of sentence, the district court[3] reduced the Middle District commitment from twelve years to six years.
 
 
 3
 Olson filed a motion in the Middle District of Georgia to vacate his contempt conviction. The district court[4] denied the motion, finding that there "did not appear to be any irregularities in the proceedings wherein [Olson] was found in contempt."
 
 
 4
 On October 20, 1992, Olson filed this petition for a writ of habeas corpus, alleging that he was being held in custody unlawfully after purging himself of civil contempt. He asserted that, if his sentence were properly computed, he would be relieved of continued incarceration. Olson stated that he had filed a motion under 28 U.S.C. Sec. 2255 in the Middle District of Georgia alleging that he had purged himself of civil contempt by signing a Memorandum of Understanding, dated August 21, 1986, agreeing to testify before the grand jury. The Memorandum of Understanding appears to have been filed in the Southern District of Georgia, not the Middle District of Georgia where the sentence for the contempt was imposed. The section 2255 motion was denied, and there is no indication in the record that Olson appealed to the Eleventh Circuit. Olson alleged in this section 2241 petition that the section 2255 remedy was inadequate or ineffective to test the legality of his detention because "[t]he sentencing court failed to address the issue that [Olson] indeed purged himself of contempt," and because "[t]he sentencing court seem[ed] to be ineffective in its power to adjudicate [the purged contempt] issue."
 
 
 5
 The magistrate judge recommended denial of Olson's petition, observing that, absent a showing by Olson that his prior motions were ineffective or inadequate, the habeas court did not have subject matter jurisdiction over his claim concerning his sentence for civil contempt. The district court adopted the magistrate judge's report over Olson's "preliminary" objections, denied Olson's motion for an extension of time to further object, and denied the petition.
 
 
 6
 In this timely appeal, Olson attacks the Federal Bureau of Prisons for failure to follow their rules and for failure to correctly compute his sentence. Olson also attacks the Middle District of Georgia for failing to investigate his section 2255 motion. These issues were not presented to the district court below, and therefore, are not properly before us. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985). Olson also argues that the district court erroneously failed to investigate the facts of his section 2255 motion.
 
 
 7
 "A district court does not have subject matter jurisdiction over issues concerning the imposition of a sentence by another district court 'unless it ... appears that the remedy by motion [to the sentencing court] is inadequate or ineffective to test the legality of [an inmate's] ... detention.' " Desimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam) (quoting 28 U.S.C. Sec. 2255 (1982)). A prior unsuccessful section 2255 motion is insufficient to show that the remedy is inadequate or ineffective. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam). Further, it is the petitioner who bears the burden of demonstrating that relief in the sentencing court is inadequate or ineffective. Desimone, 805 F.2d at 323. Olson failed to demonstrate that the denial of his section 2255 motion was inadequate or ineffective. Olson did not provide the section 2255 record, but from his allegations it appears that the sentencing court had the opportunity to consider the Memorandum of Understanding in ruling on the section 2255 motion. There is no evidence that Olson appealed the denial of his section 2255 motion to the Eleventh Circuit. Although Olson now alleges that the district court failed to investigate the facts of his section 2255 motion, it was Olson's burden to demonstrate that the denial of his section 2255 motion was inadequate or ineffective.
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota
 
 
 [2]
 The Honorable Anthony A. Alaimo, Senior United States District Judge for the Southern District of Georgia, sitting by designation in the Middle District of Georgia
 
 
 [3]
 The Honorable J. Robert Elliot, United States District Judge for the Middle District of Georgia
 
 
 [4]
 The Honorable Duross Fitzpatrick, United States District Judge for the Middle District of Georgia