23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Benjamin F. SALLEE, Jr., Petitioner-Appellant,
v.
FEDERAL CORRECTIONAL INSTITUTE, ASHLAND, Dan Dove, Warden,
Respondent-Appellee.
 No. 93-6626.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1994.
 
 1
 Before: KEITH and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Benjamin F. Sallee, Jr., a pro se federal prisoner, moves for pauper status and release on bond and appeals a district court order dismissing without prejudice his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Sallee was convicted in 1985 following a jury trial in the Southern District of New York of distribution of heroin and possession of heroin with intent to distribute; he was sentenced to twelve years of imprisonment. His conviction was affirmed on direct appeal. He has also filed several unsuccessful motions to vacate his sentence pursuant to 28 U.S.C. Sec. 2255 in the Southern District of New York. While confined in the Federal Correctional Institution in Ashland, Kentucky, Sallee filed a petition and an amended petition for a writ of habeas corpus under Sec. 2241 in the Eastern District of Kentucky. The claims raised, however, did not attack the execution of his sentence, but were concerned with the constitutionality of his conviction. Accordingly, a magistrate judge recommended that the petition be dismissed without prejudice to Sallee's right to file a proper motion under Sec. 2255 in the sentencing court. The district court adopted this recommendation over Sallee's objections, and this appeal followed.
 
 
 4
 A district court has no jurisdiction over claims attacking the imposition of sentence by another district court; the only issues which may be raised under Sec. 2241 in the district where a petitioner is incarcerated are those which challenge the execution of sentence, such as the computation of parole or sentence credits. See DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir.1986) (per curiam); Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979). As the claims raised here were not properly brought under Sec. 2241, this petition was properly dismissed.
 
 
 5
 Accordingly, the motion for pauper status is granted, the motion for bond is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation