97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip Norris SCARBOROUGH, Petitioner-Appellant, VSv.
Art BEELER, Warden, Respondent-Appellee.
 No. 96-5054.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1996.
 
 Before: KEITH, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying relief in an action that the district court construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion to vacate the prisoner's sentence under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Scarborough pleaded guilty to traveling in interstate commerce with the intent to commit murder for hire in violation of 18 U.S.C. § 1958. The District Court for the Western District of Tennessee, Eastern Division, sentenced Scarborough to 97 months in prison, followed by three years of supervised release, with the special condition that Scarborough participate in a mental health and substance abuse program. Scarborough was also assessed $50.
 
 
 3
 In his petition and a supplemental pleading filed in the Eastern District of Kentucky, Scarborough presented several claims which may be summarized as follows: (1) as a result of the trial court's denial of his bail bond motion, he was assigned a higher security classification level; (2) he was denied due process when he was transferred for a psychological evaluation after pleading guilty; (3) he was denied due process when he was retained for eleven months in the Memphis County Detention Center, in the prosecution's efforts to coerce him into pleading guilty; (4) he was denied due process, because he entered his plea agreement involuntarily and unknowingly; (5) his Sixth Amendment right to counsel was violated at the plea hearing; (6) his guilty plea is invalid because he had a valid defense of entrapment; (7) he was subjected to double jeopardy when the government filed a forfeiture action against him after he pleaded guilty; (8) there was insufficient evidence to support his conviction and sentence; (9) he was denied his right to a speedy trial; (10) he was subjected to prosecutorial misconduct; and (11) he was subjected to judicial misconduct.
 
 
 4
 A magistrate judge recommended dismissing the action pursuant to 28 U.S.C. § 1915(d). The district court considered the magistrate judge's report and the petitioner's objections, and adopted the magistrate judge's recommendation. On appeal, Scarborough reasserts the claims he presented in the district court and moves this court for bond pending appeal.
 
 
 5
 The district court properly declined to entertain most of Scarborough's claims, because they should be raised in the district court in Tennessee where Scarborough was sentenced and not where the prisoner is presently incarcerated. Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Scarborough has not satisfied his burden of proving that § 2255 relief in the sentencing court is unavailable or would be ineffective. DeSimone v. Lacy, 805 F.2d 321, 323-24 (8th Cir.1986).
 
 
 6
 Scarborough's challenge to certain allegedly inaccurate information in his PSI entitles him to no relief, if the claim is construed as one cognizable under § 2241. By not objecting to the PSI information during the sentencing hearing, Scarborough has waived this argument. United States v. Stevens, 851 F.2d 140, 142 (6th Cir.1988). Scarborough's argument that his counsel was ineffective for not objecting to the PSI information is unavailing, because the district court properly found that the Bureau of Prisons had not relied on the PSI report to classify him, but had relied on the nature of Scarborough's offense. Thus, Scarborough has not established that he was prejudiced by his counsel's actions. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
 
 
 7
 There is no merit to Scarborough's claim, construed as a civil rights complaint under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). Scarborough has no constitutional right to placement in any particular section within a prison, Hewitt v. Helms, 459 U.S. 460, 468 (1983), or to any particular security classification. Montanye v. Haymes, 427 U.S. 236, 242 (1976). Moreover, the Bureau's decision to classify Scarborough based on his offense behavior did not violate his constitutional rights, because the decision did not result in an "atypical and significant hardship" on Scarborough in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 8
 Because the appeal lacks merit, Scarborough's bond motion is denied as moot, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.