UNITED STATES of America,
Plaintiff–Appellee,

v.

Alexander Thomas PIRRO, Defendant–
Appellant (Two Cases).

Nos. 96–50072, 96–55191.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 1996.*

Decided Jan. 9, 1997.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

William J. Kopeny, Law Office of William J. Kopeny, Santa Ana, CA, for defendant-appellant.

Ronald L. Cheng, Assistant United States Attorney, Los Angeles, CA, Susan R. Ficcadenti, Assistant United States Attorney, for plaintiff-appellee.

Before: BRUNETTI, TROTT, and THOMAS, Circuit Judges.

TROTT, Circuit Judge:

## OVERVIEW

Alexander Thomas Pirro appeals the dismissal of his habeas corpus petition brought under 28 U.S.C. § 2241. The petition was based on a claim of ineffective assistance of trial counsel. Pirro filed the petition after his conviction but prior to his sentencing, the filing and processing of his direct appeal, or the filing of a motion under 28 U.S.C. § 2255 challenging the validity of his conviction and sentence. The district court dismissed the petition on the ground that the normal procedure for seeking relief for ineffective assistance of counsel is through a section 2255 motion. A section 2241 habeas petition is authorized only if the remedy available under section 2255 is "inadequate or ineffective to test the legality of [a defendant's] detention." 28 U.S.C. § 2255. The question on appeal is whether the delay resulting from the fact that the sentencing court will not review a section 2255 motion until the direct appeal is resolved renders such a motion inadequate or ineffective. We hold that it does not, and we therefore affirm the district court's dismissal of Pirro's section 2241 habeas petition.

Pirro also appeals his conviction, alleging that the trial court plainly erred in instructing the jury and in allowing the prosecutor to improperly argue inconsistent theories to the jury. We hold that the district court did not plainly err and affirm Pirro's conviction.

## FACTS AND PROCEDURAL HISTORY

On October 7, 1994, FBI Special Agent John E. Carroll went to Pirro's home to schedule an interview with him on a routine investigation. Carroll knocked on the front door, but there was no response. Carroll went next door and spoke to a neighbor. As Carroll returned to the Pirro residence, Pirro exited the house through the garage with a growling dog. At trial, Pirro's testimony and Carroll's testimony differed regarding the events that lead to the discharge of Pirro's .357 magnum revolver. Pirro either initially had the gun with him when he appeared in the garage or retreated into the house, retrieved the gun, and returned. Pirro pointed the gun either at an upward angle or directly at Carroll. The weapon discharged either accidentally or intentionally.

The prosecution argued that, regardless of the jury's resolution of these factual disputes, Pirro committed assault under 18 U.S.C. § 111 by displaying the firearm, an action that reasonably caused Agent Carroll to fear immediate bodily harm. Pirro argued that he acted in self-defense, believing Carroll to be a process server rather than an FBI Agent and using only that force which appeared reasonably necessary. Pirro was convicted of assault on a federal agent in violation of 18 U.S.C. § 111 and of use of a gun during the commission of the assault in violation of 18 U.S.C. § 924(c).

Prior to sentencing, Pirro substituted counsel and filed a habeas corpus petition challenging his detention, pursuant to 28 U.S.C. § 2241, and alleging that he had received ineffective assistance of counsel during his trial due to his attorney's conflict of interests. The district court dismissed the petition. The court held that if it was brought under section 2255, the court had no subject matter jurisdiction because Pirro was not yet in custody under sentence. If, however, it was brought under section 2241, the petition was premature because section 2255, as a remedy for the claimed defect, was neither ineffective nor inadequate, and because Pirro would first have had to exhaust

the section 2255 procedure before resorting to section 2241.

Pirro separately appealed his conviction and the dismissal of his section 2241 petition. These appeals were consolidated by order of the Ninth Circuit Appellate Commissioner. We affirm both the dismissal of the section 2241 petition and the conviction.

## DISCUSSION

### I

*Dismissal of the 28 U.S.C. § 2241 Petition*

■ We review a district court's dismissal of a section 2241 habeas corpus petition de novo. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982, 109 S.Ct. 533, 102 L.Ed.2d 565 (1988).

■ "The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Miskinis*, 966 F.2d 1263, 1269 (9th Cir.1992) (quoting *United States v. Birges*, 723 F.2d 666, 670 (9th Cir.), *cert. denied*, 466 U.S. 943, 104 S.Ct. 1926, 80 L.Ed.2d 472 (1984) (alteration omitted)). We have rejected the use of a Rule 33 motion for new trial based on "newly discovered evidence" involving the ineffective assistance of counsel. *United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir.1994), *cert. denied*, ––– U.S. –––, 115 S.Ct. 1702, 131 L.Ed.2d 564 (1995). We also have rejected the use of direct appeal for ineffective assistance of counsel claims, except in limited circumstances where the record is sufficiently developed. *Miskinis*, 966 F.2d at 1269. In this case, however, Pirro brought his ineffective assistance claim neither in a direct appeal nor in a Rule 33 motion for new trial, but in a section 2241 habeas corpus petition. We therefore must consider whether section 2241 was an appropriate mechanism for relief.

■ A federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241 "if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see Tripati*, 843 F.2d at 1162. Recognizing that the customary procedure for bringing his ineffective assistance of counsel claim is by a section 2255 motion, Pirro argues that section 2255 is inadequate and ineffective in his case because it forces him to choose between either sacrificing his direct appeal to expedite his section 2255 claim or remaining incarcerated pending appeal and bringing his ineffective assistance claim only after the appeal is complete.

Although we have not fully explained when section 2255 is an inadequate or ineffective remedy, we have recognized that it is a narrow exception. We must now consider whether the delay in considering a section 2255 motion caused by a pending appeal is sufficient to make the section 2255 remedy inadequate or ineffective. We hold that it is not.

Delay in considering a section 2255 motion results from our direction that, for reasons of judicial economy, " '[a] district court should not entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court.' " *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir.1991) (quoting *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir.1987)), *cert. denied*, 503 U.S. 975, 112 S.Ct. 1597, 118 L.Ed.2d 312 (1992). Pirro would have us declare that a district court complying with our direction robs the section 2255 motion of its effectiveness. Such a result would allow all incarcerated defendants simultaneously to pursue both section 2241 petitions challenging the validity of their convictions and sentences and direct appeals challenging the same. This result would eviscerate our goal of judicial economy by engaging the attention of two courts on the same case at the same time. Accordingly, we hold that a district court's delay in considering a section 2255 motion until direct appeals are resolved does not make the section 2255 motion inadequate or ineffective and therefore does not entitle the defendant prematurely to pursue a section 2241 habeas petition.

In holding that delay in the resolution of a section 2255 motion does not entitle a defendant to bypass section 2255 in favor of section 2241, we join other circuits who have rejected arguments that the delay in the disposition of a section 2255 motion renders it an inadequate remedy. In *Winston v. Mustain*, 562 F.2d 565, 566–67 (8th Cir.1977), the defendant argued that the length of time that elapsed after the filing of other motions in the sentencing court without decision evidenced that a section 2255 petition in that court would be inadequate and ineffective. The Eighth Circuit rejected this argument, holding that: (1) "time delays do not operate to confer jurisdiction if jurisdiction does not otherwise exist;" and (2) the defendant could not contend that a section 2255 petition would be inadequate or ineffective when he had not filed one. *Id.* at 567. Similarly, in *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir.), *cert. denied*, 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 73 (1965), the Seventh Circuit rejected the defendant's argument that the disposition of his section 2255 motion was delayed to such an extent that it became an ineffective remedy. While the court was not prepared to say that an "inordinate delay" would never allow resort to section 2241, it emphasized: "[t]he statute does not prescribe a timetable for the ultimate disposition of a motion filed under section 2255." *Id.* We agree with the reasoning of these courts and therefore hold that the district court properly dismissed Pirro's section 2241 petition on the ground that a section 2255 motion was adequate and effective. Pirro is free to bring a section 2255 motion asserting ineffective assistance of counsel following the completion of his pending appeal.

## II

### *The Conviction*

Pirro contends that three errors committed during his trial require reversal of his conviction: (1) an erroneous instruction on the definition of "assault;" (2) the court's failure to give a specific unanimity instruction; and (3) the prosecutor's closing argument, in which she impermissibly invited the jury to convict Pirro because he displayed the gun but to reject self-defense because he intentionally fired it.

■ Because Pirro did not object to any of these errors at trial, we review for plain error. *United States v. Ponce*, 51 F.3d 820, 830 (9th Cir.1995); *United States v. Manning*, 56 F.3d 1188, 1199 (9th Cir.1995). We find that there was no error in the sufficiency of the jury instructions on the definition of assault. We further find that the court did not plainly err by failing to give *sua sponte* an additional specific unanimity instruction, because the evidence was not complex and confusing such that there was a risk that different jurors convicted Pirro based on different facts. *United States v. Sanchez*, 914 F.2d 1355, 1360 (9th Cir.1990), *cert. denied*, 499 U.S. 978, 111 S.Ct. 1626, 113 L.Ed.2d 723 (1991). Finally, we find that the prosecution did not improperly argue inconsistent theories, but maintained that the display of force constituting assault was not reasonably necessary.

Because we find no error, we affirm the conviction.

AFFIRMED.