112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dianne BROWN, Defendant-Appellant.
 No. 96-56402.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dianne Brown, a federal prisoner, appeals pro se the district court's denial of her 28 U.S.C. § 2255 motion challenging her conviction for conspiracy and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846, and for using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Brown contends that: (1) there was insufficient evidence to support her section 924(c) conviction under Bailey v. United States, 116 S.Ct. 501 (1995); (2) she was denied due process by the district court's failure to rule more quickly on her section 2255 motion; (3) she was denied effective assistance of counsel; and (4) she was entitled to an evidentiary hearing. We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 A. Firearm Conviction
 
 3
 Brown contends that her conviction should be overturned in light of Bailey v. United States because the evidence fails to prove that she carried a firearm. This contention lacks merit.
 
 
 4
 Evidence offered to support a conviction is sufficient if, viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Hernandez, 80 F.3d 1253, 1257 (9th Cir.1996).
 
 
 5
 Section 924(c)(1) provides for enhanced penalties if the defendant "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm." 18 U.S.C. § 924(c)(1). To "carry" a firearm under 924(c), a defendant "must have transported the firearm on or about his or her person ... This means the firearm must have been immediately available for use by the defendant." See Hernandez, 80 F.3d at 1258.
 
 
 6
 Here, Brown argues that when the bag was seized it was across the room and out of her reach. At the time of Brown's arrest, however, the police discovered a loaded handgun in an open bag at Brown's feet. Other evidence presented at trial showed that the handgun and her purse were in the same bag that contained the cocaine, and that Brown kept the bag in her possession throughout the entire drug transaction. Although Brown testified at trial that she always carried the gun in her purse for protection, when the bag was seized by the police, the gun was found, not in her purse where it was normally stored, but outside of the purse next to the cocaine.
 
 
 7
 This evidence is sufficient to prove beyond a reasonable doubt that Brown transported the gun about her person, and that it was immediately available for use during and in relation to the drug and money exchange. See id.
 
 B. Delay in Appeal
 
 8
 Brown contends that the district court's significant delay in deciding her section 2255 motions has deprived her of due process. Because Brown has not demonstrated that she was prejudiced by the delay in hearing this appeal, her contention lacks merit. See United States v. Pirro, 104 F.3d 299, 300 (9th Cir.1997) (holding that delay caused by deferring section 2255 motion until after direct appeal is concluded does not render section 2255 remedy inadequate).
 
 C. Ineffective Assistance of Counsel
 
 9
 Brown contends that her attorney was ineffective because he failed to: (1) object to the presentence report ("PSR"); and (2) argue that Brown suffered from fibroid tumors, Premenstrual Syndrome, depression, or that she was currently taking anti-depressant medication. This contention lacks merit.
 
 
 10
 In order for the petitioner to prevail on a claim of ineffective assistance, she must first show that (1) her counsel's representation fell below an objective standard of reasonableness and, (2) that her counsel's errors prejudiced her case. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.1989). The "reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." See Strickland, 466 U.S. at 691.
 
 
 11
 Brown has not demonstrated how her counsel's failure to object to the PSR was prejudicial. According to the PSR, Brown was carrying a loaded firearm in her purse at the time of the offense. However, the evidence at trial showed this same information. Thus, Brown was not prejudiced by her counsel's failure to object to these facts in the PSR. See Strickland, 466 U.S. at 687. See Baumann v. United States, 692 F.2d 565, 572 (9th Cir.1982) (failing to raise a meritless argument does not constitute ineffective assistance of counsel).
 
 
 12
 Brown also provides no evidence that she was suffering from any medical condition or that she was under the influence of medication at the time of trial or sentencing. She also fails to show that counsel was aware of her medical issues at that time. During Brown's testimony at trial, she never indicated that she was or had ever suffered from any medical condition, nor did she make any statements about her medical condition at sentencing. Since there was an unlikelihood of success on Brown's mental capacity defense, she has failed to show prejudice from her counsel's performance. See id. Accordingly, the district court did not err by denying Brown's ineffective assistance of counsel claim. See Strickland, 466 U.S. at 687-94; Shah, 878 F.2d at 1158.
 
 D. Evidentiary Hearing
 
 13
 Because Brown has not shown that she is entitled to relief on her ineffective assistance of counsel claim, there was no need for an evidentiary hearing. See Shah, 878 F.2d at 1158.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Brown did not raise her "rule of lenity" claim in her 28 U.S.C. § 2255 motion, we will not consider it here. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993)