113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Lee PACE, Petitioner-Appellant,
v.
Michael L. BENOV, Warden, Respondent-Appellee.
 No. 96-56008.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner David Lee Pace appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas petition challenging the revocation of his parole in July of 1995 and the forfeiture of his "street time" and "good time."[1] Pace had been on parole in connection with his sentence for robbery of a credit union. We have jurisdiction pursuant to 28 U.S.C. § 2253, review de novo, see United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997), and affirm.
 
 
 3
 Pace's only contention on appeal is that pursuant to 28 C.F.R. § 2.43(c) he was entitled to and did not receive a parole extension hearing in December 1993, five years after his release from prison in December 1988. Pace contends that as a result, his parole supervision should have been terminated and the Parole Commission did not have authority to revoke his parole in July of 1995. The district court did not rule on this issue although Pace raised it in several of his pleadings.
 
 
 4
 "Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) (per curiam). Here, there is no evidence on the record that Pace exhausted his administrative remedies by bringing his claim to the Parole Commission or to the Parole Commission's National Appeal Board. Therefore, we lack jurisdiction to review Pace's section 2.43(c) claim. See Western Radio Servs. Co., Inc. v. Espy, 79 F.3d 896, 899 (9th Cir.) ("[W]e will generally require that a plaintiff exhaust all administrative remedies before assuming jurisdiction."), cert. denied, 117 S.Ct 80 (1996).
 
 
 5
 Accordingly, the district court did not err by dismissing Pace's habeas petition. See Pirro, 104 F.3d at 299; see also Garcia v. Bunnell, 33 F.3d 1193, 1195 (9th Cir.1994) ("We may affirm on any ground supported by the record, even if it differs from the reasoning of the district court.").
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "Street time" refers to time spent on parole for convictions for misdemeanors and "good time" refers to credit earned prior to his release on parole
 
 
 [2]
 Pace's motion for injunctive relief filed March 7, 1997, is denied without prejudice to his filing an appropriate action in district court