120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven W. TAFOYA, Petitioner-Appellant,
v.
Kenneth DUCHARME, Superintendent, Respondent-Appellee.
 No. 96-35706.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steven W. Tafoya, a Washington state prisoner, appeals pro se the district court's summary judgment denial of his 28 U.S.C. § 2254 habeas petition challenging his loss of thirty days good time credit resulting from Tafoya's refusal to give a urine sample. Tafoya contends that his due process rights were violated because there was insufficient evidence to support his disciplinary sanction and he was not allowed to call witnesses at his disciplinary hearing. We have jurisdiction pursuant to 28 U.S.C. § 2253, we review de novo, see United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997), and we affirm.
 
 A. Substantive Due Process
 
 3
 Tafoya contends that there is no evidence supporting the hearing officer's determination that Tafoya refused to provide a urine sample. This contention lacks merit.
 
 
 4
 "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits ... Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985) (internal citations omitted); see Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir.1987) (per curiam).
 
 
 5
 Here, there is some evidence that Tafoya violated Wash. Admin. Code 137-28-030(607) by failing to provide a urine sample.[1] In the infraction report, Officer Venturelli states he ordered Tafoya to provide a urine sample and that after an hour and a half Tafoya failed to provide a urine sample. The infraction report also records Tafoya's statement admitting that he did not produce a sample. At the time of the infraction WSP Policy 9.082 provided that: "Inmates not providing a urine specimen within one hour of being ordered to do so shall be considered to have refused to submit a specimen and will be subject to disciplinary action." Accordingly, there is some evidence supporting the disciplinary action. See Hill, 472 U.S. at 455. Tafoya's allegations that he was unable to produce a urine sample because the staff failed to provide him with sufficient water and his medication made urination difficult and painful, do not refute that there is some evidence supporting the disciplinary officer's determination. Because there is some evidence that he failed to provide a sample, Tafoya's allegations to the contrary that he provided a small sample, are insufficient to support a due process claim. See id.
 
 B. Procedural Due Process
 
 6
 Tafoya contends that his due process rights were violated when he was not allowed to call two correction officials who would have testified that Tafoya had difficulty urinating. This contention lacks merit.
 
 
 7
 "Generally, an inmate is allowed to present witnesses and documentary evidence when to do so does not threaten institutional safety or correctional goals." Zimmerlee, 831 F.2d at 187; see Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Prison officials may exercise the necessary discretion to keep a hearing within reasonable limits and to refuse to call witnesses based on irrelevance, lack of necessity, or the hazards presented in individual cases. See Wolff, 418 U.S. at 566.
 
 
 8
 Here, the hearing officer excluded the witnesses because they were not present at the time of the infraction. Accordingly, the hearing officer provided adequate reasons to exclude the witnesses. See id.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Wash.Admin.Code 137-28-030(607) provides that: "[r]efusing to submit to a urinalysis when ordered to do so by an authorized staff member," is a serious infraction