**Jerry MAINARD, Petitioner–Appellant,**

v.

**J. Michael FITZPATRICK, Warden; Michael A. Purdy, Warden; Dennis Grossini, Western Regional Office Administrative Remedies Coordinator; Henry Hill, Central Office Administrative Remedies Coordinator, Respondents–Appellees.**

No. 99–56320.

D.C. No. CV–98–10657–AJW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2001.[*]

Decided April 2, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2).

Before SNEED, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

█ Federal prisoner Jerry Mainard appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition, challenging a prison disciplinary hearing resulting in the loss of 27 good-time credits and eligibility for early release under 18 U.S.C. § 3621(e)(2). We have jurisdiction pursuant to 28 U.S.C. § 2253(a). We review de novo the district court's denial of a habeas corpus petition, *see United States v. Pirro,* 104 F.3d 297, 299 (9th Cir.1997), and we reverse and remand.

█ Mainard contends that his due process rights were violated when prison authorities refused his request that evidence be submitted in his defense at his prison disciplinary hearing. Mainard was charged with possession of the antianxiety drug, Klonopin, in violation of prison rules. Mainard alleges that he requested submission of his medical records at the disciplinary hearing, which would have shown that he had previously been prescribed Klono-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

pin, but that he had requested his prescription be terminated because of the drug's "substantial ill effects."

The respondents argue that no due process violation occurred because the disciplinary hearing officer may have properly concluded that these items of evidence concerned Mainard's use of Klonopin, and therefore were irrelevant to whether Mainard possessed the drug. We cannot agree.

 A prisoner facing disciplinary charges "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The prison authorities may not deny a defendant this right "solely for the sake of administrative efficiency," and must carry the burden of proving an adequate justification for the denial of a particular prisoner's requests. *See Bostic v. Carlson*, 884 F.2d 1267, 1273–74 (9th Cir.1989).

Although irrelevance can be a proper reason to deny a prisoner's request, *see Wolff*, 418 U.S. at 566, the evidence Mainard requested was relevant because medical records supporting Mainard's claim that he voluntarily terminated his Klonopin prescription prior to the incident would demonstrate his lack of motivation to possess Klonopin. This would tend to make it less probable that Mainard exercised dominion and control over the pills in question. *See United States v. Blaylock*, 20 F.3d 1458, 1463 (9th Cir.1994) (quoting Fed.R.Evid. 401). Consequently, we reject the respondents' contention that Mainard's psychiatric file was irrelevant.

Because the respondents have not advanced any other argument to support a conclusion that granting Mainard's request would have been "unduly hazardous to institutional safety or correctional goals," we find that the failure to allow the evidence denied Mainard due process. *See Wolff*, 418 U.S. at 566; *Bostic*, 884 F.2d at 1274.

We therefore reverse the district court's denial of the petition and direct the district court to grant the writ, ordering the prison warden to 1) expunge the results of the disciplinary hearing; 2) restore Mainard's lost good-time credits; and 3) reevaluate Mainard's eligibility for early release.[1] *See Downey v. Crabtree*, 100 F.3d 662, 671 (9th Cir.1996).

**REVERSED AND REMANDED** with directions.

---

1. We do not reach the merits of Mainard's remaining contentions, that his due process rights were also violated by: 1) the disciplinary action not being supported by sufficient evidence that Mainard possessed the Klonopin, and 2) his administrative appeals being dismissed as untimely.