**Robin Lee KNUTSON, Petitioner–Appellant,**

v.

**Robert HOOD; et al., Respondents–Appellees.**

No. 00–35135.

D.C. No. CV–99–01390–REJ.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 29, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1.  All outstanding motions are denied as moot.
* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

### MEMORANDUM **

Federal prisoner Robin Lee Knutson appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253(a). We review de novo the district court's dismissal of a habeas petition, *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997), and we affirm.

Knutson filed his petition, which alleged various constitutional violations occurring during the course of his prosecution and trial: (1) before judgment was issued in his criminal case; (2) before he appealed from that judgment; and (3) before he filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. The district court therefore properly de-

termined that it lacked jurisdiction over Knutson's § 2241 petition. *See Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir. 1988) ("[A] prisoner authorized to apply for section 2255 relief may not bring a section 2241 petition for a writ of habeas corpus 'if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.' "); *Pirro,* 104 F.3d at 299 (concluding that, despite resulting delay in adjudication of defendant's ineffective assistance of counsel claims, he could not file a section 2241 petition before his direct appeal was completed and before he filed a section 2255 motion raising those claims).

**AFFIRMED.**[1]

1. All outstanding motions are denied as moot.