**Statford Robert MADER, Petitioner–Appellant,**

v.

**Linda SANDERS, Respondent–Appellee.**

No. 02–6017.

United States Court of Appeals, Sixth Circuit.

May 29, 2003.

Before SUHRHEINRICH and COLE, Circuit Judges; and CARR, District Judge.*

## ORDER

Statford Robert Mader, an inmate presently incarcerated at the Federal Correctional Institution in Ashland, Kentucky, moves for pauper status and appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 10, 1999, Mader pleaded guilty to two offenses in the United States District Court for the Middle District of Tennessee: (1) engaging in the business of selling firearms without a license, in violation of 18 U.S.C. § 922(a)(1); and (2) sale of a firearm to a convicted felon, in violation of 18 U.S.C. § 922(d). Mader was sentenced to a term of imprisonment of five years on each count to run concurrently, followed by two years of supervised release. Mader states in great detail the facts and circumstances surrounding his guilty plea and the district court has ade-

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

quately summarized these facts in its memorandum opinion and order.

■ In his habeas petition, Mader alleges that the trial court recommended that he serve his sentence at a Bureau of Prisons ("BOP") camp, specifically, the camp at Manchester, Kentucky, but that the BOP refused to transfer him to the camp in Manchester. He alleges that the BOP's refusal to transfer him to the Manchester camp, which is based upon erroneous information in a presentence investigation report that was subsequently revised, constitutes a denial of equal protection. He also claims that his due process rights have been violated by the BOP's refusal to transfer him to the Manchester camp, stating that he "has a protected life and liberty interest in being within the BOP with other inmates that have the same custody classification." Finally, Mader relies upon the Privacy Act, Title 5 U.S.C. § 552, which he claims requires the BOP to maintain accurate records with respect to classification determinations. Mader sought injunctive relief. The district court denied the petition. Mader's motion to amend the judgment was denied. This timely appeal followed.

We review a district court order denying a habeas corpus petition filed under 28 U.S.C. § 2241 de novo. *See United States v. Pirro,* 104 F.3d 297, 299 (9th Cir.1997); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996). Such review reflects that the district court properly denied Mader's § 2241 habeas corpus petition.

Mader's due process claim lacks merit because prisoners generally do not have a due process liberty interest in their placement and classification while incarcerated. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an "atypical and significant

hardship ... in relation to the ordinary incidents of prison life," *see Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), or that the government's action "will inevitably affect the duration of his sentence." *Id.* at 487. Mader has made neither showing.

■ Mader's equal protection claim lacks merit as well. The actions of the federal government are judged under the Fifth Amendment by the same standards applicable to state actions challenged under the Equal Protection Clause of the Fourteenth Amendment. *See Richardson v. Belcher,* 404 U.S. 78, 81, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971). The government is only required to show a rational basis for its actions unless the actions involve a suspect class or a fundamental right. *See Clements v. Fashing,* 457 U.S. 957, 963, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982).

Mader has not alleged any facts suggesting that he is a member of a suspect class or that any of his fundamental rights have been affected. Prisoners are not a suspect class, nor are classifications of prisoners. *See Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir.1997). Also, transfers and prison assignments are functions wholly within the discretion of the BOP. *See Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Additionally, Mader has not alleged any facts to support the premise that persons similarly situated to him, who hold the same or similar security classification as Mader, have been afforded favorable treatment (transfer to a desirable camp) which has been denied him. *See Reed v. Reed,* 404 U.S. 71, 76, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971)

Finally, Mader does not raise his Privacy Act claim on appeal. Therefore, it is

considered abandoned and will not be reviewed. *See Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991); *McMurphy v. City of Flushing,* 802 F.2d 191, 198–99 (6th Cir.1986).

Accordingly, the motion for pauper status is denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.