**Jorge MACHADO, Petitioner–Appellant,**

v.

**John PENDLETON, Warden, Respondent–Appellee.**

No. 02–16938.

D.C. No. CV–01–00208–CKJ.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM**

Federal prisoner Jorge Machado appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997), we affirm.

On appeal, Machado challenges the district court's dismissal of his claim that prison authorities violated equal protection by denying him the ability to work in the Federal Prison Industries program on the grounds that he is a deportable alien. However, as the district court correctly concluded, this is a challenge to the conditions of Machado's confinement and thus it must be brought as a civil rights claim under 42 U.S.C. § 1983, rather than via a habeas corpus petition. *See Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir.1997) (stating that a challenge to prison procedures that does not necessarily imply the invalidity of the conviction or continuing confinement is properly brought as a § 1983 claim).

Further, the district court properly found that even if the claim were construed as being brought under § 1983, it must be dismissed because Machado has not exhausted administrative remedies. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 & n.6 (2001) (concluding that § 1997e(a) requires exhaustion regardless of whether the administrative grievance procedure is futile). Thus, the district court properly dismissed this claim.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

