[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 16, 2005
THOMAS K. KAHN
CLERK

No. 03-14839
Non-Argument Calendar

_____

D.C. Docket No. 03-14010-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROMAN C. MESINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 16, 2005)**

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before ANDERSON, WILSON and COX, Circuit Judges.

PER CURIAM:

The United States Supreme Court vacated the judgment of this court and remanded the case for further consideration in light of *United States v. Booker*, 543 U.S. __ , 125 S. Ct. 738 (2005). *See Mesina v. United States*, __ U.S. __ , 125 S. Ct. 993 (2005). We now consider the case further in light of *Booker*.

Mesina pleaded guilty, without the benefit of a plea agreement, to a charge of conspiracy to launder money. The district court sentenced him to 151 months' imprisonment. His sentence was enhanced on the basis of two factors: (1) that he had been in the business of laundering funds; and (2) that he obstructed justice by providing false information regarding his financial status to the magistrate judge during his initial appearance in this case. In an unpublished opinion, we affirmed his conviction and sentence. *United States v. Mesina*, 03-14839 (11th Cir. Mar. 26, 2004). The United States Supreme Court vacated and remanded the judgment of this court for further consideration in light of *Booker*. *See Mesina v. United States*, __ U.S. __ , 125 S. Ct. 993 (2005).

Following remand, we entered an order directing the parties to submit supplemental letter briefs specifically addressing: (1) a description of where, when, and how any *Booker* issue was first raised; and (2) any argument about whether and how the *Booker* decision applies to the present case, and what action the court should take. Mesina argues that he raised a *Booker* issue for the first time in his objections

to the sentencing enhancements set forth in his Presentence Investigation Report ("PSI") before the district court. Mesina asserts that he renewed these objections at the sentencing hearing. Mesina acknowledges, however, that he did not raise any *Booker* argument in his direct appeal before this court. Mesina now asks this court to vacate his sentence and remand the case to the district court for re-sentencing in light of *Booker*.

The Government contends that at no time prior to our opinion affirming his conviction and sentence did Mesina raise any constitutional *Booker*-type objection either in the district court or on direct appeal. The Government contends that Mesina first raised a *Booker* issue in his petition for writ of certiorari to the Supreme Court. Because he preserved no *Booker* argument before this court, the Government argues, any such claim was abandoned. *See United States v. Levy*, 379 F.3d 1241, 1242 (11th Cir.), *reh'g en banc denied*, 391 F.3d 1327 (11th Cir. 2004) (holding that an argument raised for the first time in a motion for rehearing was abandoned). The Government also argues that even if the court were to consider Mesina's *Booker* argument, he would be unable to show plain error, which is the standard of review where a *Booker* issue has not been properly preserved. *See United States v. Duncan*, 400 F.3d 1297, 1301 (11th Cir. 2005).

On appeal, a party must submit all issues in his or her initial brief and may not raise new issues in supplemental briefing or in a petition for rehearing. *See Levy*, 379 F.3d at 1242. It is uncontested that Mesina did not raise any *Booker* issue before this court until after the Supreme Court remanded his case to us for reconsideration. Any *Booker* issue that Mesina could have raised was therefore abandoned. Our previous decision affirming Mesina's conviction and sentence is, therefore, reinstated.

JUDGMENT AFFIRMING CONVICTION AND SENTENCE REINSTATED.