

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2005

# Mesina v. Johns

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2920

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Mesina v. Johns" (2005). *2005 Decisions.* Paper 517.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/517

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-343                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2920
_____

ROMAN CHRISTOPHER MESINA,

Appellant

v.

TRACY JOHNS, Warden

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civil No. 05-cv-00227J)
District Judge: Honorable Kim R. Gibson
_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2005

Present: SLOVITER, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed:   September 20, 2005)

_____

OPINION

_____

PER CURIAM

Roman Mesina appeals the denial of his petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 by the District Court for the Western District of Pennsylvania.

Mesina, currently incarcerated within the Western District of Pennsylvania, was convicted in the Southern District of Florida for money laundering in 2003 and sentenced to 151 months imprisonment. The Court of Appeals for the Eleventh Circuit affirmed his conviction. In January 2005, the United States Supreme Court vacated the judgment and remanded to the Eleventh Circuit for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Mesina v. United States, 125 S. Ct. 993 (2005). The matter is currently pending in the Eleventh Circuit. United States v. Mesina, 11th Cir. No. 03-14839. According to Mesina, the sentencing court denied his motion for bail pending the appeal.

In April 2005, Mesina filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2241 seeking his release from incarceration and alleging that he was being detained beyond the portion of his sentence "clearly unaffected" by Booker and Blakely v. Washington, 542 U.S. 296 (2004). The Magistrate Judge recommended summarily dismissing the petition. The District Court Judge adopted the recommendation and denied the petition.

The presumptive means for a federal prisoner to challenge to his sentence is to file a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. 28 U.S.C. § 2255; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A § 2241 petition "shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief . . . to the court which sentenced him, or that such court has denied him relief, unless it also

appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5.

Mesina's attempt to distinguish his claim as a challenge to the legality of his restraint, as opposed to a challenge to his sentence, see Memorandum Brief of Appellant at 2-3, is to no avail. Mesina's claim alleges that his sentence is in excess of the maximum authorized by the Constitution, and thus clearly falls within the scope of § 2255. See 28 U.S.C. § 2255 ¶ 1. Mesina has apparently not sought § 2255 relief in the sentencing court. Moreover, Mesina has not demonstrated that a § 2255 motion would be inadequate or ineffective. Neither a delay in submitting a § 2255 motion until the direct appeals are resolved, nor the sentencing court's denial of bail renders § 2255 inadequate or ineffective. See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (discussing delay pending direct appeal); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (citing cases regarding denial of relief). Accordingly, Mesina's § 2241 petition may not be considered.

As there is no substantial question presented by this appeal, we will summarily affirm. Third Circuit LAR 27.4; Third Circuit I.O.P. 10.6. The motion for appointment of counsel is denied. Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993).