

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2009

# Antoine Norman v. Troy Levi

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2944

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Antoine Norman v. Troy Levi" (2009). *2009 Decisions.* Paper 2016.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2016

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-27                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2944
_____

ANTOINE NORMAN,
                                    Appellant
vs.

TROY LEVI

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 08-cv-00962)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 31, 2008
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

Opinion Filed: January 16, 2009
_____

OPINION

_____

PER CURIAM.

        Antoine Norman, who is currently confined at the Federal Detention Center

in Philadelphia, appeals an order of the United States District Court for the Eastern

District of Pennsylvania denying his habeas petition filed pursuant to 28 U.S.C. § 2241.

1

We will affirm.

On September 7, 2007, following a jury trial in the United States District Court for the Eastern District of Pennsylvania, Norman was found guilty of conspiracy, bank fraud, aggravated identity theft, and aiding and abetting. While a sentencing hearing was originally scheduled for December 6, 2007, various joint defense motions for continuances were filed and granted. A hearing to determined the amount of loss attributable to each of the co-defendants was held on June 12, 2008, and Norman's sentencing was eventually set for September 10, 2008. In the meantime, on February 25, 2008, Norman filed a habeas petition pursuant to 28 U.S.C. § 2241, wherein he claimed that his Fourth and Fourteenth Amendment rights were violated by the Postal Inspector's investigation, which, he argued, was unlawful and without jurisdiction given the Inspector's alleged failure during the Grand Jury proceedings to establish a nexus between the crimes and the U.S. mail. In an Order entered on June 20, 2008, the District Court denied the petition after concluding that Norman's claims were not cognizable under § 2241. Norman now appeals that decision.

We have jurisdiction over the appeal under 28 U.S.C. §§ 1291 and 2253(a), and exercise plenary review over the District Court's denial of the petition. See Okereke v. United States, 307 F.3d 117, 119 (3d Cir. 2002).

As properly noted by the District Court, a challenge to a federal conviction must generally be brought in a motion to vacate under 28 U.S.C. § 2255. See Okereke,

307 F.3d at 120. A prisoner may proceed under § 2241 only where the remedy provided under § 2255 is inadequate or ineffective to test the legality of his confinement. See § 2255(e); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). See also Padilla v. United States, 416 F.3d 424, 425-426 (5th Cir. 2005) ("Section 2255 ... is the appropriate remedy for 'errors that occurred at or prior to the sentencing.'")(internal citations omitted). "A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Okereke, 307 F.3d at 120. Because Norman failed to show that a § 2255 motion would be an inadequate or ineffective vehicle to present the constitutional claims raised in his petition once his direct appeal had been disposed of, we conclude that the District Court correctly determined that those claims should not be entertained in the context of a § 2241 proceeding. See, e.g., United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (delay in submitting a § 2255 motion until the direct appeal is resolved does not render § 2255 inadequate or ineffective).

Moreover, we find no fault with the District Court's failure to construe Norman's petition as a motion under § 2255, as such a motion would have been subject to dismissal as premature because it was filed prior to sentencing and direct appeal. See Kapral v. United States, 166 F.3d 565, 570-72 (3d Cir. 1999)(a collateral attack is generally inappropriate if the possibility of direct review remains open).

Accordingly, for the foregoing reasons, we conclude that the appeal does not present a substantial question. We will therefore summarily affirm the judgment of the District Court. <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.