**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50002; 09-50641 |
| Plaintiff - Appellee, | D.C. No. 3:05-cr-1550-DMS |
| v. | |
| JOVANNI MENDOZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted April 12, 2012
Pasadena, California

Before: SILVERMAN and RAWLINSON, Circuit Judges, and TUNHEIM,
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

Jovanni Mendoza appeals his conviction and 235-month prison sentence for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), bringing in illegal aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and transportation of illegal aliens and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II). Mendoza also appeals the denial of his motion for a new trial or a writ of coram nobis.

1.  Mendoza waived his statutory right to a speedy trial because he failed to raise it to the district court. *See* 18 U.S.C. § 3162(a)(2). Mendoza's constitutional speedy trial right was also not undermined because he has not demonstrated prejudice, the delay in his trial was due to his outstanding discovery motion and requests for continuances, and he did not object to the delay. *See United States v. Baker*, 63 F.3d 1478, 1497 (9th Cir. 1995).

2.  The district court did not err in denying Mendoza's motion to suppress evidence obtained from his arrest and a search and seizure on August 24, 2005. The initial stop and questioning conducted by the Border Patrol Agent was lawful. *See United States v. Wilson*, 7 F.3d 828, 833 n.2 (9th Cir.

2

1993) ("[C]heckpoints may be used to investigate alien smuggling as well as alien status."). Because Mendoza failed to produce requested identification and the arresting Agent knew Mendoza was a suspected smuggler, there was a "fair probability" that Mendoza had committed a crime; thus, there was probable cause to arrest Mendoza and search his vehicle. *See Crowe v. Cty. of San Diego*, 608 F.3d 406, 432 (9th Cir. 2010).

3. Evidence introduced at Mendoza's trial regarding law enforcement smuggling interdiction efforts was admissible to provide "the context in which the charged crime[s] occurred." *See United States v. Rrapi*, 175 F.3d 742, 748 (9th Cir. 1999) (internal quotation marks omitted).

4. The district court did not err in finding discovery about other wrong-way drivers immaterial to Mendoza's defense, *see* Fed R. Crim. P. 16(a)(1)(E)(i); furthermore, lack of access to this discovery did not deprive Mendoza of a meaningful opportunity to present a complete defense, *see United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010).

3

**5.**     The district court did not err in admitting the material witnesses'
identifications of Mendoza.  Although the in-court and out-of-court
procedures that produced these identifications were suggestive, *see United
States v. Montgomery*, 150 F.3d 983, 992 (9th Cir. 1998), *United States v.
Barrett*, 703 F.2d 1076, 1084 (9th Cir. 1983), the identifications were
reliable under the totality of circumstances, *see Neil v. Biggers*, 409 U.S.
188, 199-200 (1972).

**6.**     The district court did not err in admitting evidence of Mendoza's other
wrongdoing under Federal Rule of Evidence 404(b) because this evidence
was relevant to establishing Mendoza's identity and not unduly prejudicial.

**7.**     There was sufficient evidence for a rational trier of fact to find Mendoza
guilty beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307,
319 (1979).

**8.**     We decline to consider Mendoza's ineffective assistance of counsel claim on
direct appeal because the record is insufficiently developed.  *See United
States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir. 2005).  Furthermore, we

4

affirm the denial of Mendoza's new trial motion based on ineffective assistance of counsel; the proper vehicle for this claim is a 28 U.S.C. § 2255 motion. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).

9. The district court did not err in denying Mendoza's motion for a new trial on the basis of newly-discovered evidence. Most of the evidence raised by Mendoza could have been or was discovered before his trial and the remainder was unlikely to produce an acquittal. *See United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009).

10. The district court did not err in denying Mendoza's request for a writ of coram nobis because Mendoza may seek relief under 28 U.S.C. § 2255. *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002).

11. When calculating Mendoza's combined offense level for sentencing, the district court improperly applied the same enhancement, under United States Sentencing Guidelines Manual § 3A1.2(c), to Groups I (marijuana offenses) and II (illegal alien offenses). Applying this enhancement twice on account of the same wrong and victim constituted impermissible double counting

under *United States v. Calozza*, 125 F.3d 687, 692 (9th Cir. 1997). Because the district court sentenced Mendoza to the top of an erroneous guideline range, we will remand to allow the district court to exercise its discretion after correcting the unit calculation.

**CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED for resentencing.**