ALD-064                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3858
_____

ANDREW PETER BARTOK,
                                        Appellant

v.

WARDEN LORETTO FCI;
ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-14-cv-00164)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 18, 2014
Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: April 24, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Andrew Bartok, a federal prisoner, appeals from an order of the United States

District Court for the Western District of Pennsylvania dismissing his petition for habeas

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

corpus under 28 U.S.C. § 2241.[1]  Because the appeal presents no substantial question, we will summarily affirm the District Court's order.

In October 2012, following a jury trial in the United States District Court for the Southern District of New York, Bartok was convicted of bankruptcy fraud, attempt and conspiracy to commit mail fraud, and related charges.  He was sentenced to 288 months of imprisonment.  In November 2013, Bartok filed a direct appeal in the United States Court of Appeals for the Second Circuit.  He later filed in that court a motion for bond pending appeal.  Bartok's direct appeal, as well as his motion for bond, remain pending in the Second Circuit.

In August 2014, Bartok filed a § 2241 petition in the Western District of Pennsylvania, the judicial district in which he is currently incarcerated.  Bartok argued that he is entitled to habeas relief because the indictment filed in his case was invalid and because of various errors made at trial.  He attached to the § 2241 petition a copy of the motion for bond that he had filed in the Second Circuit.

The Magistrate Judge recommended dismissing the § 2241 petition for lack of jurisdiction because the proper channel for attacking a federal conviction and sentence is a motion pursuant to 28 U.S.C. § 2255, which must be filed in the sentencing court.  The Magistrate Judge found Bartok did not establish that section 2255 was an inadequate or ineffective remedy to test the legality of his detention.[2]  Overruling Bartok's objections to

_____

[1] He also submits motions for appointment of counsel, for expedited judgment, and for release on bail pending appeal on habeas corpus.
[2] We note that the Magistrate Judge incorrectly determined that Bartok also filed in the Western District of Pennsylvania a motion for bond pending disposition of his direct

2

the Magistrate Judge's report and recommendation, the District Court dismissed the petition for lack of jurisdiction.[3]  Bartok appeals.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).[4]  We exercise plenary review over the District Court's legal conclusions.  Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).  We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court properly dismissed Bartok's § 2241 petition for lack of jurisdiction.  A motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence.  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  By contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that challenges to the execution of a sentence include, e.g., challenges to wrongful revocation of parole, place of imprisonment, and credit for time served) (internal citations omitted).  We agree with the District Court that the claims that Bartok

appeal.  As mentioned, Bartok merely attached (apparently for informational purposes), a copy of the still-pending motion for bond that he had filed in the Second Circuit.

[3] The District Court noted that to the extent Bartok might wish to challenge the conditions of his confinement (some of which he had discussed in his objections), he should file a complaint subject to the Prison Litigation Reform Act.

[4] A certificate of appealability is not required to appeal the District's Court ruling.  See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

3

raised in his § 2241 petition constitute attacks on the validity of his conviction and, as such, must be brought pursuant to § 2255.

A petitioner can seek relief under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). However, "[§] 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under section 2255 is extremely narrow and applies only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

We agree with the District Court that Bartok failed to show that a § 2255 motion would be an inadequate or ineffective vehicle to present his claims once his direct appeal proceedings have concluded. See, e.g., United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (determining that the delay in submitting a § 2255 motion until the direct appeal is resolved does not render § 2255 inadequate or ineffective). Although Bartok expressed concern that the sentencing court is biased and would not fairly adjudicate his claims, the District Court correctly concluded that the perceived bias of the trial court is not a basis for a section 2241 petition. See Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988) (stating that alleged judicial bias does not render § 2255 inadequate or

4

ineffective because a petitioner may raise the issue of bias on appeal or in a motion for recusal).

Finally, we conclude that the District Court did not err in declining to construe Bartok's § 2241 petition as a motion under § 2255 (to be transferred to the Southern District of New York), as such a motion would have been subject to dismissal as premature because it was filed prior to the resolution of Bartok's direct appeal.  See United States v. Dukes, 727 F.2d 34, 41 (2d Cir. 1984); see also Kapral v. United States, 166 F.3d 565, 570-72 (3d Cir. 1999).

Accordingly, for the foregoing reasons, we conclude that the appeal does not present a substantial question. We will therefore affirm the District Court's judgment. Bartok's motions for appointment of counsel, for expedited judgment, and for release on bail pending appeal on habeas corpus are denied.