**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRYL PARKISON, | No. 19-17119 |
| Petitioner-Appellant, | D.C. No. 2:19-cv-04879-JAT-DMF |
| v. | |
| WW LATHOP, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted July 14, 2020[**]

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Federal prisoner Darryl Parkison appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition. We have

jurisdiction under 28 U.S.C. § 1291 and, reviewing de novo, *see United States v.*

*Pirro*, 104 F.3d 297, 299 (9th Cir. 1997), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Parkison's § 2241 petition contends that his 52-month federal sentence should be served concurrently with his Texas state sentences, which are now fully discharged. Insofar as he challenges the legality of the sentence imposed by the United States District Court for the Western District of Texas, the district court properly concluded that Parkison cannot raise such a claim under § 2241 because he has not established actual innocence or that he has not had an "unobstructed procedural shot" at presenting that claim. *See* 28 U.S.C. § 2255(e); *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008).

To the extent Parkison is challenging the execution of his sentence, he is not entitled to relief under § 2241. When, as here, a federal sentence is imposed at a different time from an undischarged state sentence, and the federal judgment does not specify otherwise, the two terms are presumed to run consecutively. *See* 18 U.S.C. § 3584(a). Therefore, the Bureau of Prisons ("BOP") did not err by calculating Parkison's federal sentence as running consecutively to his state sentence. Further, Parkison's federal sentence began to run on February 21, 2018, and the BOP could not grant him federal credit for time that had already been credited to his state sentence. *See* 18 U.S.C. § 3585(a), (b); *United States v. Wilson*, 503 U.S. 329, 337 (1992) (defendant may not receive "double credit for his detention time").

**AFFIRMED.**